775 N.W.2d 40 (2009)
278 Neb. 972
STATE of Nebraska, appellee,
v.
Domingo J. SEPULVEDA, appellant.
No. S-08-1291.
Supreme Court of Nebraska.
November 20, 2009.
*42 Sarah M. Mooney, of Mooney Law Office, for appellant.
Jon Bruning, Attorney General, and James D. Smith for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

NATURE OF CASE
WRIGHT, J.
Domingo J. Sepulveda was convicted by a jury of manslaughter and use of a firearm to commit a felony. His convictions and sentences were affirmed on direct appeal. In this postconviction action, Sepulveda seeks reversal of his conviction for use of a firearm to commit a felony. We affirm the judgment of the trial court denying postconviction relief.

SCOPE OF REVIEW
When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion. See State v. Dunster, 278 Neb. 268, 769 N.W.2d 401 (2009).

FACTS
On November 25, 1995, Sepulveda attended a party in a second-floor apartment in Omaha, Nebraska, where a large number of people were drinking beer and listening to a live band. Chris Reich testified that during the party, Sepulveda showed him a gun in his coat pocket. Shortly thereafter, Reich got into an argument with a group of other men. A fight started and moved outside, and many of the partygoers followed. Three of the men involved in the fight including the victim, James Geiger, began to run down the street. Reich saw Sepulveda pull out his gun, point it at the men and begin shooting. Reich heard three or four shots, after which Geiger fell to the street.
Lorenzo Walker testified that after the gunfire began, people were "running all over the place," trying to avoid getting shot. Walker saw the gun in Sepulveda's right hand and heard four or five shots. Later that night, Walker picked up Sepulveda. Sepulveda bragged about the shooting and stated that he had made a $20 bet with someone that he would fire his gun that night.
Justin Doane testified that before the shooting, Sepulveda had Doane feel the gun in his coat pocket. After the fight, Doane saw Sepulveda pull the gun from his coat pocket and fire shots. Another witness testified that after the fight, Sepulveda ran down the street and fired his gun. She also saw Sepulveda standing with the gun in his hand after the shooting.
One of Sepulveda's shots hit Geiger in the back of the head and caused him to fall down. Geiger was eventually able to get up and continue walking down the street. A police officer found him on the porch of a nearby house, and he was taken to the hospital. Geiger died November 27, 1995, from a single gunshot wound to the back of his head.
*43 Sepulveda was charged with murder in the second degree and use of a firearm to commit a felony. A jury found him guilty of the lesser-included offense of manslaughter and use of a firearm to commit a felony. The district court sentenced Sepulveda to 15 to 20 years' imprisonment on the manslaughter conviction and 30 to 50 years' imprisonment on the use of a firearm to commit a felony conviction. It ordered the sentences to run consecutively. Separately, Sepulveda was found guilty of violation of probation and sentenced to 59 to 60 months' imprisonment.
On direct appeal, Sepulveda claimed that the district court erred in (1) not allowing him various preliminary hearings, (2) allowing the State to introduce evidence of the manner in which he was arrested, (3) imposing excessive sentences, and (4) finding that there was sufficient evidence to support a guilty verdict on both charges. In a memorandum opinion filed on April 30, 1997, in case No. A-96-909, the Nebraska Court of Appeals affirmed Sepulveda's convictions and sentences. This court denied his petition for further review.
Sepulveda's motion for postconviction relief alleges that his trial and appellate counsel were ineffective for failing to recognize that his convictions of manslaughter and use of a firearm to commit a felony were legally inconsistent. He asserts that he cannot be convicted of use of a firearm to commit a felony when the underlying felony is an unintentional crime. Sepulveda claims it is plain error to allow convictions for manslaughter and use of a firearm to commit a felony. He also claims that his trial counsel erred in failing to call several witnesses in his defense.
After an evidentiary hearing, the district court concluded that Sepulveda's trial and appellate counsel were not ineffective. The district court denied postconviction relief and dismissed the action. Sepulveda appeals.

ASSIGNMENTS OF ERROR
Sepulveda claims, summarized and restated, that the postconviction court (1) erred in concluding that manslaughter upon a sudden quarrel is an intentional crime; (2) erred in not finding that Sepulveda's trial counsel was ineffective because he did not object to the jury instruction for use of a firearm to commit a felony when Sepulveda was convicted of manslaughter, was ineffective because he did not object to convictions for both manslaughter and use of a firearm to commit a felony, and was ineffective because he failed to call certain witnesses at trial; (3) erred in not finding that Sepulveda's appellate counsel was ineffective for failing to assign ineffectiveness of trial counsel regarding the firearm conviction in his direct appeal; (4) erred in not finding that Sepulveda was innocent; and (5) erred in refusing to find that it was plain error to allow convictions for both manslaughter and use of a firearm to commit a felony.

ANALYSIS

MANSLAUGHTER
Sepulveda was initially charged with second degree murder, but the jury found him guilty of manslaughter. Sepulveda claims that the trial court erred in finding that manslaughter upon a sudden quarrel is an intentional felony. We conclude that the trial court did not make such a finding. The court stated that a sudden quarrel involves an intentional act and determined Sepulveda had not met his burden of proof to show that the decision reached would have been different if the jurors had received different instructions. This was the extent of the court's finding on this issue.
*44 When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion. See State v. Dunster, 278 Neb. 268, 769 N.W.2d 401 (2009). Sepulveda argues that his manslaughter conviction cannot serve as the basis for a use of a firearm conviction. When the felony which serves as the basis of the use of a weapon charge is an unintentional crime, the accused cannot be convicted of use of a firearm to commit a felony. See State v. Pruett, 263 Neb. 99, 638 N.W.2d 809 (2002). Thus, if an unintentional act by Sepulveda was the predicate felony for the charge of use of a firearm to commit a felony, Sepulveda could not be convicted of that charge. Sepulveda's argument fails because his manslaughter conviction was not the predicate felony for his use of a firearm conviction.

PREDICATE FELONY FOR USE OF FIREARM TO COMMIT FELONY
Use of a deadly weapon to commit a felony occurs when a person
uses a firearm, a knife, brass or iron knuckles, or any other deadly weapon to commit any felony which may be prosecuted in a court of this state or . . . unlawfully possesses a firearm, a knife, brass or iron knuckles, or any other deadly weapon during the commission of any felony which may be prosecuted in a court of this state. . . .
Neb.Rev.Stat. § 28-1205(1) (Reissue 2008). In accordance with the statute, the defendant must commit an underlying or predicate felony before he or she can be convicted of use of a deadly weapon to commit a felony.
Sepulveda's reliance on State v. Ring, 233 Neb. 720, 447 N.W.2d 908 (1989), and State v. Pruett, supra, is misplaced because Ring and Pruett are distinguishable from the facts of this case. In State v. Ring, supra, the defendant was convicted of felony motor vehicle homicide and using a motor vehicle as a deadly weapon to commit a felony. We interpreted the language "`to commit any felony'" to mean "`for the purpose of committing any felony.'" Id. at 724, 447 N.W.2d at 911. Accordingly, to prove a charge of use of a deadly weapon to commit a felony, the State was required to prove that the defendant used the motor vehicle for the purpose of committing a felony. The elements of motor vehicle homicide include that the defendant caused the death of the victim unintentionally while unlawfully operating a motor vehicle and that the unlawful operation of the motor vehicle was a result of either driving while under the influence of alcohol or driving recklessly. The State did not prove that the defendant intentionally used the motor vehicle as a deadly weapon. Because there was no intentional action, motor vehicle homicide could not be the predicate felony for a use of a deadly weapon to commit a felony conviction. Id.
In State v. Pruett, supra, the defendant was convicted of manslaughter and use of a deadly weapon to commit a felony while committing the offense of reckless assault. The defendant killed his friend by accidentally firing a live round instead of a "dummy round" at the friend as a joke. On appeal, the defendant claimed that he could not be convicted of both manslaughter and use of a deadly weapon to commit a felony because both manslaughter and reckless assault were unintentional crimes. We agreed. When the felony which served as the basis of the use of a weapon charge is an unintentional crime, the accused cannot be convicted of use of a weapon to commit a felony. Id. Because the defendant did not commit any intentional acts, he could not be convicted of use of a deadly weapon to commit a felony. Id.
*45 In the case at bar, the jury found that Sepulveda intentionally used a firearm in the commission of the crime of manslaughter. Manslaughter is defined as an unintentional crime; however, assault is not. The trial court instructed the jury that to convict Sepulveda of manslaughter, it must find four elements:
1. That the Defendant, Domingo J. Sepulveda killed James Geiger;
2. That he did so without malice, either:
a. upon a sudden quarrel, or
b. unintentionally while in the commission of an unlawful act;
3. That he did so on or about the 25th day of November, 1995 in Douglas County, Nebraska; and
4. That the Defendant did not act in the defense of another.
The jury was also instructed:
Before you can find the Defendant guilty of unlawfully using a firearm in the commission of a felony as charged in Count II of the Information, the burden is upon the State of Nebraska to establish beyond a reasonable doubt each and all of the following:
1. That on or about November 25, 1995, in Douglas County, Nebraska, the Defendant did commit murder in the second degree or manslaughter as set forth in the above;
2. That in the commission of said crime a firearm was used by Defendant;
3. That such use of a firearm in the commission of the crime was intentional; and
4. That Defendant did not act in the defense of another.
If the crime of manslaughter were the underlying felony for the weapons charge, Sepulveda could not be convicted of use of a firearm to commit a felony. However, Sepulveda incorrectly assumes that the predicate felony for a conviction of use of a firearm to commit a felony must be the manslaughter conviction. The jury was instructed that "assault in any degree is an unlawful act within the meaning of the manslaughter statute."
First degree assault is intentionally or knowingly causing serious bodily injury to another person. Neb.Rev.Stat. § 28-308 (Reissue 2008). First degree assault is a felony and a general intent crime. State v. Cebuhar, 252 Neb. 796, 567 N.W.2d 129 (1997). The intent required by the assault statutes relates to the act which produces the injury, not to the consequences which result from the assault. See State v. Williams, 243 Neb. 959, 503 N.W.2d 561 (1993).
Although Sepulveda may not have intended that Geiger would be killed as a result of Sepulveda's actions, there is no doubt that Sepulveda intended the assault of Geiger. Manslaughter can occur either upon a sudden quarrel or unintentionally while in the commission of an unlawful act. There was no evidence that Sepulveda suddenly quarreled with Geiger or even that Sepulveda had personal contact with Geiger.
There was evidence that Sepulveda bet someone $20 that he would fire his gun that night and showed the gun to several people before the shooting. Witnesses saw Sepulveda chase Geiger, point the loaded gun at him, and pull the trigger as Geiger ran away. This action resulted in the death of Geiger. The jury found that Geiger's death was unintentional. It also found that Sepulveda's use of the firearm in the commission of the crime was intentional. Under the circumstances, the act of firing the gun at Geiger which resulted in Geiger's death was an intentional and unlawful assault and was the predicate offense of use of a firearm to commit a *46 felony. To hold otherwise would be to ignore the facts.

INEFFECTIVE ASSISTANCE OF COUNSEL
Sepulveda claims ineffective assistance of trial and appellate counsel based on the failure to raise the issue of manslaughter as an underlying felony of use of a firearm to commit a felony. The State argues that these claims are barred. A party cannot raise an issue in a postconviction motion if he or she could have raised that same issue on direct appeal. State v. Jackson, 275 Neb. 434, 747 N.W.2d 418 (2008). However, Sepulveda alleges ineffective assistance of appellate counsel in failing to claim ineffective assistance of trial counsel. Postconviction was Sepulveda's first opportunity to bring this claim; therefore, it is not procedurally barred. See State v. Al-Zubaidy, 263 Neb. 595, 641 N.W.2d 362 (2002).
To prevail on a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. State v. Hudson, 277 Neb. 182, 761 N.W.2d 536 (2009).
Intentional assault rather than manslaughter was the predicate felony to use of a firearm to commit a felony therefore, convictions for both manslaughter and use of a firearm to commit a felony were not inconsistent. Sepulveda's trial counsel's failure to raise the issue was not deficient performance and did not result in ineffective assistance of counsel. Because Sepulveda's trial counsel did not render ineffective assistance of counsel, Sepulveda's appellate counsel was not ineffective for failing to address the issue on appeal. These assignments of error are without merit.

PLAIN ERROR AND ACTUAL INNOCENCE
Sepulveda alleges that the postconviction court should have found that it was plain error for the trial court to instruct the jury in a way that it could find Sepulveda guilty of use of a firearm to commit a felony if it found him guilty of manslaughter. He also argues that it was plain error to allow the jury's verdict of guilty on both charges to stand. He also asserts that the court erred in not finding plain error because he was legally innocent of the crime of use of a firearm to commit a felony, as the underlying crime of manslaughter is an unintentional crime.
Sepulveda essentially argues that the trial court erred in not recognizing the inconsistency between convictions for both use of a firearm to commit a felony and manslaughter, and not instructing the jury accordingly. Plain error cannot be asserted in a postconviction proceeding to raise claims of error by the trial court. Consideration of plain error occurs at the discretion of an appellate court. State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007). Sepulveda's claims of plain error merely repackage his other assignments of error. Accordingly, plain error is not a claim that Sepulveda can raise in this postconviction motion.

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO CALL WITNESSES
Finally, Sepulveda claims that he received ineffective assistance of counsel because his trial counsel did not call several individuals to testify on his behalf at trial. A party cannot raise an issue in a postconviction motion if he or she could have raised that same issue on direct appeal. State v. Jackson, 275 Neb. 434, 747 N.W.2d 418 (2008). Sepulveda had different counsel at trial and on direct appeal and could have raised the issue of his trial *47 counsel's failure to call these witnesses at that time. To preserve this claim, Sepulveda needed to allege ineffective assistance of appellate counsel for failing to raise the claim on direct appeal. See State v. Dunster, 278 Neb. 268, 769 N.W.2d 401 (2009). He did not, and accordingly, this assignment of error is barred.

CONCLUSION
Sepulveda was properly convicted of use of a firearm to commit a felony because the underlying felony was an intentional assault. All of Sepulveda's assignments of error are without merit. Accordingly, we affirm the judgment of the district court.
AFFIRMED.