in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is suspended from the practice of law for a period of 2 years, effective immediately. Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.

STEPHAN, J., not participating.

———————————

STATE OF NEBRASKA, APPELLEE, V.
ALI J. ABDULLAH, APPELLANT.
___ N.W.2d ___

Filed September 26, 2014.    No. S-12-908.

1. **Effectiveness of Counsel: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.
2. **Appeal and Error.** Whether an assignment of error and accompanying argument is too vague to be sufficiently raised before the appellate court is a question of law.
3. **Effectiveness of Counsel: Records: Appeal and Error.** The trial record reviewed on appeal is devoted to issues of guilt or innocence and, as such, does not usually address issues of counsel's performance.
4. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.
5. **Trial: Effectiveness of Counsel: Evidence: Appeal and Error.** An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.
6. **Appeal and Error.** A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.

7. **Postconviction: Effectiveness of Counsel: Records: Appeal and Error.** In the case of an argument presented for the purpose of avoiding procedural bar to a future postconviction action, appellate counsel must present the claim with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

8. **Evidence: Appeal and Error.** An appellate court does not resolve conflicts in the evidence, pass on the credibility of the witnesses, or reweigh the evidence.

Petition for further review from the Court of Appeals, Inbody, Chief Judge, and Irwin and Moore, Judges, on appeal thereto from the District Court for Lancaster County, Steven D. Burns, Judge. Judgment of Court of Appeals affirmed in part, and in part reversed.

Dennis R. Keefe, Lancaster County Public Defender, John C. Jorgensen, and, on brief, Elizabeth D. Elliott, for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.
### NATURE OF CASE
Ali J. Abdullah was convicted in a bench trial of first degree assault. With counsel different from his trial counsel, Abdullah appealed to the Nebraska Court of Appeals. Abdullah argued that there was insufficient evidence to support the conviction and that the sentence was excessive. Abdullah also raised three points of ineffective assistance of trial counsel, expressly to avoid waiver of those issues for a future postconviction motion. In a memorandum opinion filed July 11, 2013, the Court of Appeals found no merit to the claims of insufficiency of the evidence and excessive sentence. The Court of Appeals also found Abdullah's ineffective assistance of counsel claims lacked "merit," because Abdullah made insufficient allegations of fact that would support findings of prejudice. We granted further review, primarily to address the question of

whether Abdullah sufficiently alleged his ineffective assistance of counsel claims.

## BACKGROUND

Abdullah's first degree assault conviction arises from a fight between Abdullah and Adrian Jacob, who had previously been in a relationship with Abdullah's girlfriend. The fight occurred in the parking lot of the girlfriend's apartment complex.

Jacob testified that when he attempted to shake hands with Abdullah, Abdullah tried to punch him in the face. After some wrestling, the girlfriend yelled for them to stop. Jacob testified that he stopped fighting and dropped his hands. At that point, Abdullah head butted him and broke his eye socket.

Abdullah testified that Jacob attacked him first by slapping him in the face. Then, in the course of wrestling with Jacob to defend himself, they found themselves underneath one of the apartment's balconies. According to Abdullah, Jacob accidentally hit his own face against one of the balcony's wooden support beams.

At the sentencing hearing, Abdullah's trial counsel asked the court to "consider running [the assault sentence] consecutive to the federal case . . . but we would ask the Court to consider the totality of the circumstances and a sentence toward the lower end of the statutory scheme." Abdullah was serving a federal sentence of 24 months for a parole violation arising from the same assault. The trial court sentenced Abdullah to 6 to 10 years' imprisonment, to be served consecutively to any other sentence Abdullah was serving. Abdullah has a criminal history, including two prior convictions for assault.

Abdullah had private counsel at trial, but was represented by the public defender on appeal. The public defender argued on appeal that the trial court erred in convicting Abdullah upon insufficient evidence and in imposing an excessive sentence. The public defender also raised three issues of ineffective assistance of trial counsel and asked the Court of Appeals to review the bill of exceptions and transcript to determine whether there was a sufficient record to evaluate those claims on direct appeal or whether an additional evidentiary hearing

was necessary. The public defender indicated that he did not believe the ineffective assistance of counsel issues could be determined upon the trial record, but he raised those issues so that they would not later be deemed waived for purposes of a postconviction motion. The public defender generally asserted as to all three alleged acts of ineffective assistance of trial counsel that "there is a reasonable probability that but for [Abdullah's] counsel's performance, the result of the proceedings would have been different."[1]

The Court of Appeals held that the weight and credibility of the conflicting testimony was a matter for the trial court and that, therefore, the evidence was sufficient to support the conviction.

The Court of Appeals further held that the sentence was not excessive. The Court of Appeals noted Abdullah's "extensive criminal record" and the fact that the sentence was at the lower end of the statutory limits. The Court of Appeals concluded that the trial court did not abuse its discretion.

As for the three claims of ineffective assistance of trial counsel, the Court of Appeals held they were "without merit."

The first ineffective assistance issue raised by the public defender was that trial counsel "failed to adequately advise and inform [Abdullah] prior to his decision between a bench trial and a trial by jury."[2] The Court of Appeals reasoned that Abdullah had failed to specifically state what advice he had received from counsel or why, particularly, this advice was insufficient. Furthermore, the Court of Appeals reasoned that Abdullah had failed to allege any specific facts that would show his trial counsel interfered with his freedom to decide whether to waive his right to a jury trial. Finally, the Court of Appeals said that Abdullah had failed to allege he would have chosen to be tried by a jury or that the outcome of the trial would have been different had he done so.

The second ineffective assistance issue raised by the public defender was that trial counsel "failed to call at least two

---

[1] Brief for appellant at 13.

[2] *Id.*

witnesses that [Abdullah] informed would be beneficial to his case."[3] The Court of Appeals reasoned that Abdullah failed to disclose in his appellate brief the identity of the alleged favorable witnesses or exactly what those witnesses' testimony would have been. Thus, Abdullah again failed to allege how the failure to call those alleged witnesses prejudiced him. The Court of Appeals stated, "Therefore, Abdullah has not provided sufficient allegations to support this assertion for ineffective assistance of counsel."

The last ineffective assistance issue raised by the public defender was that trial counsel had failed to ask the court to impose Abdullah's sentence concurrently with the corresponding federal sentence. The Court of Appeals recognized that counsel asked for consecutive sentences, but held that Abdullah had failed to surpass the "high hurdle in this case because of the deference normally given to a trial court's decision to impose consecutive sentences." The Court of Appeals found that the public defender's argument in the appellate brief that the trial court "likely failed to consider running [Abdullah's] sentence concurrently"[4] was "not a sufficient showing." The Court of Appeals stated that Abdullah "has not shown that the proceedings would have resulted differently but for his attorney's statement."

We granted Abdullah's petition for further review.

## ASSIGNMENTS OF ERROR

Abdullah assigns that the trial court erred in (1) finding the evidence sufficient to support his conviction and (2) imposing an excessive sentence. Abdullah also assigns that trial counsel was ineffective.

## STANDARD OF REVIEW

[1] Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.[5]

---

[3] *Id*.

[4] *Id*. at 13-14.

[5] See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

[2] Whether an assignment of error and accompanying argument is too vague to be sufficiently raised before the appellate court is a question of law.

## ANALYSIS

### SPECIFICITY OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

[3-5] We granted further review in this case to clarify the necessary specificity of allegations of ineffective assistance of trial counsel on direct appeal for purposes of avoiding waiver of such claims in a later postconviction motion. The trial record reviewed on appeal is devoted to issues of guilt or innocence and, as such, does not usually address issues of counsel's performance.[6] Nevertheless, it is our longstanding rule that when a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal "any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record."[7] Otherwise, the ineffective assistance of trial counsel issue will be procedurally barred.[8] Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims.[9] An ineffective assistance of counsel claim

---

[6] See *id.*

[7] *Id.* at 767, 848 N.W.2d at 576. See, also, *State v. Ramirez*, 284 Neb. 697, 823 N.W.2d 193 (2012); *State v. Molina*, 279 Neb. 405, 778 N.W.2d 713 (2010); *State v. Duncan*, 278 Neb. 1006, 775 N.W.2d 922 (2009).

[8] See, e.g., *State v. Morgan*, 286 Neb. 556, 837 N.W.2d 543 (2013); *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013); *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011); *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010); *State v. Gibilisco*, 279 Neb. 308, 778 N.W.2d 106 (2010); *State v. Duncan, supra* note 7; *State v. Sepulveda*, 278 Neb. 972, 775 N.W.2d 40 (2009).

[9] See, *State v. Morgan, supra* note 8; *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013); *State v. Watt, supra* note 8; *State v. McClain*, 285 Neb. 537, 827 N.W.2d 814 (2013); *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013); *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011); *State v. Davlin*, 272 Neb. 139, 719 N.W.2d 243 (2006).

will not be addressed on direct appeal if it requires an evidentiary hearing.[10]

This rule that appellate counsel who is different from trial counsel must raise known or apparent ineffective assistance of trial counsel claims derives in part from the principle of judicial economy that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.[11] We are cognizant that the U.S. Supreme Court, on behalf of the federal appellate court system, as well as a growing majority of state courts, has rejected the application of this general rule of judicial economy to ineffective assistance of counsel claims.[12]

The Court in *Massaro v. United States*[13] explained that the application of this rule in the context of ineffective assistance of counsel claims puts appellate counsel in an "awkward position vis-à-vis trial counsel," whom appellate counsel will need assistance from in order to become "familiar with a lengthy record on a short deadline." Further, the Court reasoned that this rule creates "perverse incentives . . . to bring claims of ineffective trial counsel, regardless of merit."[14] Finally, the Court found little utility in forcing "'parties and the district judges [considering petitions for postconviction relief] to search for needles in haystacks—to seek out the rare claim that could have been raised on direct appeal, and deem it waived.'"[15] The Court concluded that the rare benefit of a speedy resolution on direct appeal of certain ineffective assistance of counsel claims is "outweighed by

---

[10] *State v. Watt, supra* note 8.

[11] See, e.g., *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735 (D.C. Cir. 1995); *State v. Lee*, 909 So. 2d 672 (La. App. 2005).

[12] See *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

[13] *Id.*, 538 U.S. at 506.

[14] *Id.*

[15] *Id.*, 538 U.S. at 507.

the increased judicial burden the rule would impose in many other cases."[16]

But our court has repeatedly declined to adopt the rejection of the waiver rule in *Massaro*.[17] We have explained that our waiver rule derives not just from principles of judicial economy, but also from the mandates of the Nebraska Postconviction Act.[18] Our refusal to adopt the *Massaro* standard is not "simply a policy determination made by this court, but the consequence of well-established reasoning based in the language of the Nebraska Postconviction Act."[19] In particular, the Nebraska Postconviction Act requires that its remedy is "cumulative and is not intended to be concurrent with any other remedy existing in the courts of this state."[20]

Moreover, we do not lay primary onus upon postconviction courts to "search for needles in haystacks" of whether a viable claim could have been made on direct appeal. A postconviction court need only determine whether the claim was known or apparent at the time of direct appeal and, if so, whether it was made. Our opinion on direct appeal will be the law of the case on whether the claim could be determined upon the trial record and, thus, whether there was some other remedy existing in the courts of this state.[21] This approach is more efficient insofar as the appellate court is already examining the trial record before it. And in those instances when the claim can be determined upon the trial record, our rule further supports judicial economy by addressing the merits of the claim at the first opportunity to do so.

[6] The Court of Appeals' memorandum opinion rejecting Abdullah's ineffective assistance of counsel claims presents

---

[16] *Id.*, 538 U.S. at 507-08.

[17] See, *State v. Filholm, supra* note 5; *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006); *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005).

[18] See *id.*

[19] *State v. Molina, supra* note 17, 271 Neb. at 532, 713 N.W.2d at 449.

[20] Neb. Rev. Stat. § 29-3003 (Reissue 2008).

[21] See *id.*

an intersection of this waiver rule for raising known or apparent ineffective assistance of trial counsel claims with another waiver rule: An alleged error must be both specifically assigned and specifically argued in the appellate brief in order to be considered by an appellate court.[22] A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.[23] Thus, we have said that "[g]eneral allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to . . . preserve the issue for later review."[24] Beyond the rejection of broad, conclusory statements, we have had few opportunities to examine what allegations are sufficient to preserve the issue for later review.

Abdullah's appellate counsel clearly attempted in his brief to avoid the procedural bar attending the failure to raise ineffective assistance of counsel claims on direct appeal, and he made more than the conclusory and vague statement that trial counsel performed deficiently or was ineffective. Yet, the Court of Appeals determined that Abdullah's attempt was not good enough. According to the Court of Appeals, Abdullah's assignment of error and accompanying arguments lacked specific factual allegations of prejudice. Thus, the Court of Appeals rejected Abdullah's claims on their "merits," effectively preventing Abdullah from raising those claims in a future postconviction motion.

It was a misnomer for the Court of Appeals to characterize its determination as being on the "merits." Nevertheless, we would agree there is a difference between determining that a claim is inappropriate for decision upon the trial record

---

[22] See, e.g., *Irwin v. West Gate Bank*, 288 Neb. 353, 848 N.W.2d 605 (2014); *Rodehorst Bros. v. City of Norfolk Bd. of Adjustment*, 287 Neb. 779, 844 N.W.2d 755 (2014); *In re Interest of Nicole M.*, 287 Neb. 685, 844 N.W.2d 65 (2014). See, also, *State v. Karch*, 263 Neb. 230, 639 N.W.2d 118 (2002).

[23] *State v. Pereira*, 284 Neb. 982, 824 N.W.2d 706 (2013); *Trieweiler v. Sears*, 268 Neb. 952, 689 N.W.2d 807 (2004); *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003).

[24] *State v. Filholm, supra* note 5, 287 Neb. at 770, 848 N.W.2d at 578.

and determining that a claim was insufficiently stated to be addressed. By definition, a claim insufficiently stated is no different than a claim not stated at all. Therefore, if insufficiently stated, an assignment of error and accompanying argument will not prevent the procedural bar accompanying the failure to raise all known or apparent claims of ineffective assistance of trial counsel.

But the level of specificity required in order for an assignment of error and its accompanying argument to be "sufficient" must logically depend upon the purposes of the appellate court's review. Thus, we recently held in *State v. Filholm*[25] that it is an inefficient use of time and resources to require appellate counsel to specifically allege how the defendant was prejudiced by trial counsel's allegedly deficient conduct, because such allegations are unnecessary in our determination of whether the trial record supports the assigned error. We explained that it is the appellant's allegations of deficient conduct and not the appellant's allegations of prejudice that have historically guided our review of whether the claims of ineffective assistance of counsel can be determined upon the trial record.[26] We could find no instance where specific allegations of prejudice were part of our assessment of whether the claim could be determined upon the trial record. As noted by the Court in *Massaro*, such allegations of prejudice are in the realm of facts that would need to be developed in an evidentiary hearing.[27] We held in *Filholm* that appellate counsel need only make specific allegations of deficient conduct.[28]

[7] We did not elaborate, however, on the level of specificity of such allegations beyond the general principles concerning vague and conclusory assignments of error and arguments. Given that Abdullah's arguments are stated more cursorily than those presented in *Filholm*, we are more squarely presented with that question here. We hold that in the case of an

---

[25] *State v. Filholm, supra* note 5.

[26] *Id.*

[27] *Massaro v. United States, supra* note 12.

[28] *State v. Filholm, supra* note 5.

argument presented for the purpose of avoiding procedural bar to a future postconviction action, appellate counsel must present the claim with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

The argument that counsel was deficient for failing to call "at least two witnesses that [Abdullah] informed would be beneficial to his case"[29] is the closest of the three claims to a conclusory and general allegation that trial counsel was ineffective. A showing that the witnesses whom defendant advised counsel would have been "beneficial" to the defendant's case at trial raises potential issues of deficient performance and prejudice.[30] But the vague assertion referring to "at least two" witnesses seems little more than a placeholder. Our case law is clear that were this a motion for postconviction relief, Abdullah would be required to specifically allege what the testimony of these witnesses would have been if they had been called in order to avoid dismissal without an evidentiary hearing.[31] Without such specific allegations, the postconviction court would effectively be asked to "'conduct a discovery hearing to determine if anywhere in this wide world there is some evidence favorable to defendant's position.'"[32]

In a direct appeal, we do not need specific factual allegations as to who should have been called or what that person or persons would have said to be able to conclude that any evidence of such alleged ineffective assistance will not be found in the trial record. Nevertheless, we are concerned with the lack of any specificity as to who those uncalled witnesses were

---

[29] Brief for appellant at 13.

[30] See, *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984); *State v. Pankey*, 208 Neb. 377, 303 N.W.2d 305 (1981).

[31] See, *State v. Marks*, 286 Neb. 166, 835 N.W.2d 656 (2013); *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010); *State v. Davlin*, 277 Neb. 972, 766 N.W.2d 370 (2009).

[32] *State v. McGhee*, *supra* note 31, 280 Neb. at 564, 787 N.W.2d at 705.

from the standpoint of a potential postconviction court's ability to identify if a particular failure to call a witness claim is the same one that was raised on direct appeal.

Abdullah's appellate counsel argues that it is impractical in the time granted for a direct appeal to fully research the alleged deficient conduct of trial counsel and to allege factual details of such conduct with specificity. And we are sensitive to some of the concerns expressed by the U.S. Supreme Court in *Massaro*.[33] But we can think of no good reason why Abdullah would be unable to give appellate counsel the names or descriptions of the uncalled witnesses he claims he informed trial counsel of. Thus, we agree with the Court of Appeals' general conclusion that Abdullah failed to make sufficiently specific allegations of deficient conduct relating to the alleged failure to call witnesses.

We disagree with the Court of Appeals as to whether Abdullah sufficiently alleged his remaining two ineffective assistance of trial counsel claims. We find those claims would require an evidentiary hearing and therefore cannot be decided upon the trial record.

The claim that trial counsel failed to "adequately advise and inform him"[34] about his decision to waive a jury trial is sufficiently specific both for purposes of our review and for the purpose of a potential postconviction court's analysis. The failure of counsel to inform the defendant of the right to a jury trial may form the basis for an ineffective assistance of counsel claim, depending upon a showing of prejudice.[35] And the record plainly does not contain evidence necessary to the determination of this claim, including the extent and content of any discussions between Abdullah and trial counsel or Abdullah's knowledge from other sources of his right to a jury trial.

Likewise, Abdullah sufficiently argued his claim that trial counsel was ineffective when it asked the court to sentence

---

[33] See *Massaro v. United States, supra* note 12.

[34] Brief for appellant at 13.

[35] See, e.g., *State v. McGurk*, 3 Neb. App. 778, 532 N.W.2d 354 (1995).

Abdullah consecutively rather than concurrently. The record reflects that trial counsel asked the court to run Abdullah's assault sentence consecutive to his federal sentence. The record, however, reveals nothing of the attorney's reasons for this request, his discussions with Abdullah on this matter, or the extent to which this request influenced the judge's sentencing determination. Abdullah does not claim that the request to run the sentences consecutively was a structural error. Therefore, this matter also cannot be determined upon the trial record before us.

## Remaining Claims

We affirm the Court of Appeals' memorandum opinion and adopt its analysis as to Abdullah's sufficiency of the evidence and excessive sentence claims.

[8] There was sufficient evidence to support the trial court's verdict of first degree assault. There was a factual dispute as to the cause of the victim's injuries and whether Abdullah acted in self-defense. Such disputes in the evidence are for the finder of fact. An appellate court does not resolve conflicts in the evidence, pass on the credibility of the witnesses, or reweigh the evidence.[36]

Nor was the sentence of 6 to 10 years' imprisonment for an offense that carries a sentencing range of 1 to 50 years' imprisonment excessive.[37] The victim suffered serious injury, and Abdullah has an extensive criminal history, including two prior assault convictions.

## CONCLUSION

We generally affirm the Court of Appeals' memorandum opinion insofar as it affirmed the judgment below. We agree with the Court of Appeals' determination that the evidence supported Abdullah's conviction and sentence. We agree with its conclusion that Abdullah's claim regarding trial counsel's failure to call "at least two" beneficial witnesses was too vague for determination. We disagree with the Court of

---

[36] See *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014).

[37] See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2012).

Appeals' determination that Abdullah's remaining ineffective assistance of trial counsel claims were alleged with insufficient specificity and thus lacked "merit." We find, instead, that the merits of these arguments cannot be reviewed upon the trial record. To that extent, the Court of Appeals' decision is reversed.

Affirmed in part, and in part reversed.

Heavican, C.J., not participating.

---

deNourie & Yost Homes, LLC, a Nebraska limited liability company, appellant, v. Joe Frost and Amy Frost, husband and wife, and Security State Bank, doing business as Dundee Bank, a Nebraska corporation, appellees.

___ N.W.2d ___

Filed September 26, 2014.   No. S-13-656.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Equity: Estoppel.** Although a party can raise estoppel claims in both legal and equitable actions, estoppel doctrines have their roots in equity.

4. **Equity: Appeal and Error.** In reviewing judgments and orders disposing of claims sounding in equity, an appellate court decides factual questions de novo on the record and reaches independent conclusions on questions of fact and law. But when credible evidence is in conflict on material issues of fact, an appellate court considers and may give weight to the fact the trial court observed the witnesses and accepted one version of the facts over another.

5. **Contracts: Fraud.** A party to a business transaction can be liable to another party for failing to disclose a fact that he or she knows may justifiably induce the other to act or refrain from acting in the transaction. But a nondisclosing party can only be liable if it was under a duty to the other to exercise reasonable care to disclose the fact at issue.

6. **Fraud: Proof.** A fraudulent misrepresentation claim requires a plaintiff to establish the following elements: (1) A representation was made; (2) the representation