IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WILLIAMS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JAKOB L. WILLIAMS, APPELLANT.

Filed March 6, 2018.    No. A-17-357.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed.

Jakob L. Williams, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

MOORE, Chief Judge.

## I. INTRODUCTION

Jakob L. Williams pled no contest to and was convicted of two counts of attempted first degree assault, both Class III felonies, and one count of use of a firearm to commit a felony, a Class IC felony. On direct appeal, this court summarily affirmed his convictions and sentences on December 9, 2015, in case No. A-15-802. Williams then filed a motion for postconviction relief in the district court for Douglas County, which the court denied without an evidentiary hearing. Finding no error, we affirm.

## II. BACKGROUND

On November 20, 2014, the State filed an information in the district court, charging Williams in counts 1, 3, and 5 with attempted assault in the first degree, all Class III felonies; in

- 1 -

counts 2, 4, and 6 with use of a firearm to commit a felony, all Class IC felonies; in count 7 with unlawful discharge of a firearm, a Class ID felony; and in count 8 with possession of a deadly weapon by a prohibited person, a Class ID felony.

A jury trial was scheduled for June 10, 2015. On that date, the parties advised the court that in exchange for Williams pleading no contest to two counts of attempted first degree assault and one count of use of a firearm (counts 1, 2, and 5 of the information), the State would dismiss all remaining charges. Upon the court's inquiry, Williams confirmed that was his understanding of the plea agreement.

The district court then advised Williams of the nature of the offenses to which he was pleading, the possible penalties, and the rights he would be waiving by pleading, and Williams indicated his understanding of each portion of the court's advisement. Specifically with respect to penalties, the court advised Williams that counts 1 and 5 were Class III felonies, "carry[ing] up to 20 years' imprisonment and a $25,000 fine or both fine and imprisonment." And, the court advised Williams that count 2 was a Class IC felony, carrying a mandatory minimum of 5 years' imprisonment up to 50 years in prison. The court informed Williams that the sentences for counts 1 and 5 could be run concurrently or consecutively, but that the sentence for count 2 had to run consecutive to the sentences for the other two counts. Williams affirmed that no one had threatened him or promised him anything to get him to plead, other than the stated plea agreement, and that the pleas were his own free and voluntary act. Williams also affirmed that he had had a chance to discuss the facts and circumstances of the case with his attorney. Williams then plead no contest to counts 1, 2, and 5 of the information.

After the State provided a factual basis, the district court accepted Williams' no contest pleas and found him guilty of counts 1, 2, and 5. The State then moved to dismiss the remaining counts, and the court dismissed counts 3, 4, 6, 7, and 8.

A sentencing hearing was held before the district court on August 19, 2015. After hearing statements from the attorneys for the parties and from Williams and discussing the factors it had considered, the court imposed sentence. On count 1, attempted first degree assault, the court sentenced Williams to 10 to 10 years' imprisonment. On count 2, use of a firearm, the court noted that it had "a mandatory minimum of 5," but it stated that it was imposing a sentence of 10 to 15 years, which "has to run consecutive to Count 1." In sentencing Williams on count 5, the other attempted first degree assault count to which he had pled, the court misstated the count number, "I'm also sentencing you to 10 to 15 years on Count 2 -- or 3. Is that the number that it would be? Count 4 (sic). And that will be 10 to 15 years." The court did not specifically state that the sentence on count 5 was to run consecutively, but that was its apparent intent as the court went on to state, "So, your sentence will be 30 to 40 years."

On August 20, 2015, the district court entered an order memorializing Williams' sentences. In the order, the court clearly stated that Williams had been convicted of count 1 (attempted first degree assault), count 2 (use of a firearm to commit a felony), and count 5 (attempted first degree assault). The court also clearly stated that it was sentencing Williams to consecutive periods of incarceration of 10 to 10 years on count 1, 10 to 15 years on count 2, and 10 to 15 years on count 5.

On direct appeal, Williams only alleged that his sentences were excessive. He was represented by the same attorney during the plea and sentencing proceedings and on direct appeal. This court summarily affirmed Williams' convictions and sentences on December 9, 2015, in case No. A-15-802.

On July 14, 2016, Williams filed a pro se motion for postconviction relief, setting forth various claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and trial court error, including plain error. As relevant to the present appeal, Williams alleged that the trial court failed to adequately inform him of the potential sentences before accepting his pleas and that the State breached the plea agreement and/or the court erred by sentencing him on counts that were to be dismissed pursuant to the plea agreement. He also alleged that his trial counsel was ineffective for failing to object to these breaches/errors and that his appellate counsel was ineffective for failing to raise these issues on appeal. Also on July 14, Williams filed pro se motions requesting an evidentiary hearing on his postconviction motion, seeking to withdraw his plea, and requesting appointment of postconviction counsel.

On February 2, 2017, Williams filed a pro se motion, seeking a default judgment on his postconviction motion. Williams alleged that the State had failed to respond to an order entered by the district court on August 8, 2016, requiring the State to respond to Williams' request for an evidentiary hearing. The record on appeal does not contain the order referenced in Williams' motion or any pleadings from the State.

On March 9, 2017, the district court entered an order ruling on Williams' motions for postconviction relief, evidentiary hearing, appointment of counsel, and default judgment. With respect to Williams' request for a default judgment, the court noted that the State had filed a response to Williams' postconviction motion "out of the initial time ordered by the Court due to an unexpected medical issue." Because Williams did not "provide any law or facts relating to prejudice" to support his request for a default judgment and because the court needed to determine the necessity of an evidentiary hearing on the postconviction motion "regardless of a response from the State," the court denied Williams' request for a default judgment.

In considering Williams' postconviction motion, the district court first addressed his claims of ineffective assistance of trial counsel. The court found that Williams failed to set forth any factual allegations relating to prejudice incurred due to his counsel's alleged errors. Additionally, the court found Williams had not even set forth any "self-serving" declarations that he would have insisted on going to trial absent his trial counsel's alleged errors. The court also noted the favorable plea agreement, which had allowed Williams to plead to three charges in exchange for the dismissal of five other charges, all of which were Class IC or ID felonies, considerably reducing his potential time in prison. The court found that the favorable nature of the plea agreement refuted any argument that Williams would have insisted on going to trial rather than accepting the plea offer. The court stated, "The lack of facts relating to prejudice combined with the favorable plea agreement is reason alone to dismiss this motion for postconviction [relief] without an evidentiary hearing." Regardless, the district court went on to address whether Williams' trial counsel performed deficiently in any of the ways alleged by Williams, and it found that Williams was not entitled to an evidentiary hearing on any of those issues.

In addressing Williams' claims of ineffective assistance of appellate counsel, the court found that it had already addressed the majority of Williams' arguments in its previous analysis and "for those same reasons," found that the inclusion of such claims on direct appeal would not have changed the outcome. The court found that any arguments not already addressed "do not have enough facts or law establishing inclusion of such issues" would have changed the results on direct appeal. Accordingly, the court found Williams was not entitled to an evidentiary hearing on his claims of ineffective assistance of appellate counsel.

With respect to Williams' claims of prosecutorial misconduct and trial court error, the district court found that those could have been raised on direct appeal, and were procedurally barred. The court also rejected Williams' claims of plain error, finding that plain error cannot be asserted on postconviction "to raise claims of error by the trial court."

The district court denied Williams' motion for postconviction relief without an evidentiary hearing. It also denied his request for appointment of counsel. Williams subsequently perfected the present appeal to this court.

## III. ASSIGNMENTS OF ERROR

Williams' assignments of error and his arguments on appeal are convoluted and somewhat hard to follow, but in general, he asserts that the district court erred by (1) failing to enter a default judgment, (2) failing to appoint counsel, (3) committing plain error, and (4) failing to grant postconviction relief and/or an evidentiary hearing. He also asserts that he received ineffective assistance of trial and appellate counsel on direct appeal. We address Williams' arguments as to why he should have been granted relief in the analysis section below. We have not addressed any arguments raised by Williams that were not also assigned as error. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017).

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017).

When a claim of ineffective assistance of counsel presents a mixed question of law and fact, an appellate court reviews the lower court's factual findings for clear error but independently determines whether those facts show counsel's performance was deficient and prejudiced the defendant. *Id.*

## V. ANALYSIS

### 1. DEFAULT JUDGMENT

Williams asserts that the district court erred by failing to grant his motion for default judgment due to the State's failure to respond to his postconviction motion within 90 days as ordered by the court. Williams has included neither the court order directing the State to respond nor the State's response in the record on appeal. However, in its March 19, 2017, order, the court

noted that the State's response was filed out of time due to "an unexpected medical issue." The court observed that Williams had not cited any law supporting his request or any facts showing prejudice. The court further observed that it needed to review Williams' postconviction motion to determine the necessity of an evidentiary hearing.

Whether default judgment should be entered because of a party's failure to timely respond to a petition rests within the discretion of the trial court, and an abuse of discretion must affirmatively appear to justify a reversal on such a ground. *Mason State Bank v. Sekutera*, 236 Neb. 361, 461 N.W.2d 517 (1990). In his brief on appeal, Williams does not argue that he was prejudiced by the delay, and we find no abuse of discretion in the district court's denial of Williams' motions for default judgment. Regardless of the timing of the State's response, it was necessary for the district court to independently assess the merits of Williams' motion to determine whether he was entitled to an evidentiary hearing and appointment of counsel. This assignment of error is without merit.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Normally, a voluntary guilty plea waives all defenses to a criminal charge. *State v. Lee*, 290 Neb. 601, 861 N.W.2d 393 (2015). However, in a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id.* A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Ross*, 296 Neb. 923, 899 N.W.2d 209 (2017). When a defendant is represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *Id.*

To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Ross, supra*. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty or no contest. *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017). Under the framework of *Strickland v. Washington, supra*, a court may address the two elements, deficient performance and prejudice, in either order. *State v. Ross, supra*.

Williams presents arguments on appeal concerning the penalty advisement he received from the district court during the plea hearing, and he alleges a breach of the plea agreement in connection with the counts upon which he was sentenced. As noted above, Williams' assignments of error and arguments are somewhat difficult to follow. However, to the extent that Williams argues that he received ineffective assistance of counsel in connection with these claims, we address his arguments below.

(a) Penalty Advisement

Williams argues that, during the plea hearing, the trial court incorrectly advised him of the "Total Potential Penal Consequences" of the counts to which he was pleading no contest. Brief for appellant at 13. Specifically, he complains of the court's failure to inform him that the minimum possible penalty for counts 1 and 5 (the counts of attempted first degree assault), Class III felonies, was one year. Although Williams argues that the court only advised him of the penalty for count 1 and not count 5, the record affirmatively refutes this allegation. In advising Williams of the possible penalties on these counts, the court stated, "Counts 1 and 5 are Class III felonies. They carry up to 20 years' imprisonment and a $25,000 fine or both fine and imprisonment. The court went on to ask if Williams understood "the possible penalties the Court could impose on Counts 1 and 5," and Williams indicated his understanding. Williams does not argue that he was prejudiced by the trial court's failure to inform him of the one year minimum penalty for these charges. Nor does he argue that had he known of the one year minimum, he would not have pled no contest to counts 1 and 5 and would have insisted on going to trial.

The Nebraska Supreme Court has found that a court's failure to advise a defendant of the correct statutory minimum and maximum penalties does not automatically warrant reversal. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). In *Russell*, the court found that the defendant suffered no prejudice when he was advised of a higher minimum penalty than that mandated by statute, finding it "inconceivable that [the defendant] would plead no contest after being advised of a 20-year minimum sentence but would not have entered such a plea if he were properly informed that the minimum sentence was 15 years." *Id.*, 291 Neb. at 42, 863 N.W.2d at 820-21. The Supreme Court has stated, "If it can be determined that the defendant understood the nature of the charge, the possible penalty, and the effect of his plea, then there is no manifest injustice that would require that the defendant be permitted to withdraw his plea." *State v. Rouse*, 206 Neb. 371, 375-76, 293 N.W.2d 83, 86 (1980). See, also, *State v. Jipp*, 214 Neb. 577, 334 N.W.2d 805 (1983) (finding no prejudice where defendant was advised of lower maximum penalty than that mandated by statute).

In this case, Williams was advised of the correct maximum possible penalty for both of the attempted first degree assault charges and was sentenced within the statutory range for each of those convictions. With respect to the other count to which he pled (count 2, use of a firearm), he was advised that as a Class IC felony, it carried a 5 year mandatory minimum and a maximum of 50 years' imprisonment, and that the court had to impose a consecutive sentence on that count. Under these circumstances and given the favorable nature of the plea agreement (pleading to three counts in exchange for dismissal of five other charges, which were Class IC and ID felonies), it seems very unlikely that had the trial court informed Williams of the one year minimum on counts 1 and 5, he would have rejected the plea agreement and insisted on going to trial. Williams has not shown that he was prejudiced by his trial counsel's failure to object to the penalty advisement.

(b) Alleged Breach of Plea Agreement

Williams argues that there was a breach of the plea agreement and that he was improperly sentenced on counts 1, 2, 3, and 4, instead of on counts 1, 2, and 5. Although the trial court misspoke when it sentenced him on count 5 during the sentencing hearing, the record does not

show that Williams was prejudiced. Williams entered pleas of no contest to counts 1, 2, and 5 (two Class III felonies and one Class 1C felony), and the court then dismissed counts 3, 4, 6, 7, and 8. The court accepted Williams' pleas and found him guilty of counts 1, 2, and 5. In sentencing Williams on count 5, although the court inadvertently referenced counts 3 and 4 and did not directly reference count 5, it is clear that Williams was only sentenced on a total of three counts and that he received sentences within the statutory ranges for two Class III felonies and one Class 1C felony. The record refutes any assertion that objection by his trial counsel to the misstatement would have changed the outcome of Williams' sentencing.

### 3. PLAIN ERROR

Williams asserts that the district court erred in failing to find plain error by the trial court in giving the penalty advisement during the plea hearing and in sentencing him on counts dismissed pursuant to the plea agreement. We have already addressed these issues in terms of Williams' claims of ineffective assistance of counsel. In terms of his allegations of trial court error, the district court correctly found that plain error cannot be asserted in a postconviction proceeding to raise claims of error by the trial court. See *State v. Sepulveda*, 278 Neb. 972, 775 N.W.2d 40 (2009). Williams' arguments to the contrary are without merit.

### 4. EVIDENTIARY HEARING

Williams asserts that the district court erred in failing to grant him an evidentiary hearing. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Vela*, 297 Neb. 227, 900 N.W.2d 8 (2017). If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.* As discussed above, Williams' motion for postconviction relief does not show a violation of his constitutional rights and the record affirmatively shows he is not entitled to postconviction relief. Accordingly, the court did not err in failing to grant an evidentiary hearing.

### 5. APPOINTMENT OF COUNSEL

Williams asserts that the district court erred by denying his request for appointment of postconviction counsel. There is no federal or state constitutional right to an attorney in state postconviction proceedings. *State v. Custer*, 298 Neb. 279, 903 N.W.2d 911 (2017). Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. *Id.* Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, establishing that the postconviction action contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint appellate counsel for an indigent defendant. *Id.* As discussed above, Williams' postconviction motion presents no justiciable issues. Accordingly, the district court did not err in denying his request for appointment of postconviction counsel.

## VI. CONCLUSION

The district court did not err in denying Williams' motion for postconviction relief.

AFFIRMED.