IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HENDRICKSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SCOTT A. HENDRICKSON, APPELLANT.

Filed September 1, 2020.    Nos. A-19-1175, A-19-1176.

Appeals from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed.

Marti S. Sleister for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Scott A. Hendrickson appeals his plea-based convictions for attempted possession of methamphetamine with the intent to distribute, a Class IIA felony, and possession of tetrahydrocannabinol (THC), a Class IV felony. He asserts that he received ineffective assistance of trial counsel. Upon our review, we find that Hendrickson has failed to sufficiently allege his assignments of error; therefore, we affirm his convictions and sentences.

STATEMENT OF FACTS

In September 2018, pursuant to a plea agreement, Hendrickson pled no contest to an amended charge of one count of attempted possession of methamphetamine with intent to distribute, a Class IIA felony. See Neb. Rev. Stat. §§ 28-416(1)(a) and (2)(a) and 28-201(4)(b) (Cum. Supp. 2018). As part of the plea agreement, the State dismissed three counts of possession

- 1 -

of a controlled substance (oxycodone, THC, and amphetamine), Class IV felonies. The factual basis provided by the State set forth that during the execution of a search warrant of Hendrickson's home in April 2018, the Omaha Police officers located 5.6 grams of methamphetamine, a digital gram scale, and a box of sandwich baggies in his bedroom. After informing Hendrickson of the rights he was waiving by entering a plea and the possible penalty for the offense, which Hendrickson acknowledged, the district court accepted his plea. Hendrickson waived his right to a presentence investigation and the court immediately sentenced him to the recommended sentence of 2 years' probation.

In May 2019, the State filed a motion to revoke Hendrickson's probation on the basis that he had been arrested and charged with possession of THC. At a June hearing, Hendrickson admitted to violating his probation and the district court found that this admission was freely, knowingly, intelligently, and voluntarily made. Thereafter, the district court revoked Hendrickson's probation and sentenced him to 4 to 5 years' imprisonment with credit for 21 days served. See Neb. Rev. Stat. § 29-2268 (Reissue 2016).

Also in June 2019, Hendrickson pled guilty to possession of THC, a Class IV felony (offense that served as basis for revocation of his probation). See, § 28-416; Neb. Rev. Stat. § 28-405(c)(12) (Cum. Supp. 2018). The factual basis for the new offense included that in March 2019, law enforcement stopped Hendrickson's vehicle and smelled marijuana emanating from the vehicle. During a search, THC oil was located inside Hendrickson's wife's purse. Hendrickson claimed ownership of the THC oil, which later tested positive for .228 grams of THC.

The district court sentenced Hendrickson to 1 to 1 years' imprisonment to be served consecutively to his sentence imposed upon resentence for his 2018 attempted possession of methamphetamine with intent to distribute conviction.

Hendrickson appeals and is represented by counsel different from his counsel at his plea and sentencing.

## ASSIGNMENTS OF ERROR

Hendrickson's assignments of error read as follows: "The Defendant alleges his counsel was ineffective in advising him to plead to the initial charges, to the probation violation and in the handling of the sentencing hearing, resulting in a prison sentence." Brief for appellant at 6.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## ANALYSIS

Hendrickson alleges "his counsel was ineffective in advising him to plead to the initial charges, to the probation violation and in the handling of the sentencing hearing, resulting in a prison sentence." Brief for appellant at 6.

In *State v. Mrza*, 302 Neb. at 935, 926 N.W.2d at 86, the Nebraska Supreme Court held that in connection with claims of ineffective assistance of counsel on direct appeal:

> We observe that Mrza's last assignment lacked the specificity we demand on direct appeal. We have held that when raising an ineffective assistance claim on direct appeal, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. And we have long held that an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. It follows that we should not have to scour the argument section of an appellant's brief to extract specific allegations of deficient performance. We now hold that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.

Here, in the most general of terms, Hendrickson avers to ineffective assistance of trial counsel in "advising him to plead to the initial charges, [and] to the probation violation" and "in the handling of the sentencing hearing." Neither of these claims provide any specificity as to how or why his trial counsel was ineffective as to those tasks.

In defining the concept of pleading with specificity, the Nebraska Supreme Court held in *State v. Abdullah*, 289 Neb. 123, 132-33, 853 N.W.2d 858, 866-67 (2014):

> We did not elaborate, however, on the level of specificity of such allegations beyond the general principles concerning vague and conclusory assignments of error and arguments. Given that Abdullah's arguments are stated more cursorily than those presented in [*State v.*] *Filholm*, [287 Neb. 763, 848 N.W.2d 571 (2014),] we are more squarely presented with that question here. We hold that in the case of an argument presented for the purpose of avoiding procedural bar to a future postconviction action, appellate counsel must present the claim with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

> The argument that counsel was deficient for failing to call "at least two witnesses that [Abdullah] informed would be beneficial to his case" is the closest of the three claims to a conclusory and general allegation that trial counsel was ineffective. A showing that the witnesses whom defendant advised counsel would have been "beneficial" to the defendant's case at trial raises potential issues of deficient performance and prejudice. But the vague assertion referring to "at least two" witnesses seems little more than a placeholder.

More recently, in *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016), the defendant argued his trial counsel was ineffective for not filing a motion to suppress any of the State's evidence. In response, the Nebraska Supreme Court held that the defendant's failure to articulate the legal basis for filing such a motion and not identifying the evidence to be suppressed represented express failures to sufficiently and specifically raise claims for ineffective assistance.

Applying these propositions of law here, we hold that Hendrickson's vague reference in the assignments of error to his counsel's ineffective advice to plead and in the "handling" of the sentencing hearing are little more than general placeholders and lack the specificity required for this court to determine whether this claim can be decided on the record. Because Hendrickson's claim lacks in that specificity, we hold his assigned errors were not properly raised on this appeal.

CONCLUSION

Hendrickson's claims that he received ineffective assistance of counsel were insufficiently pled. Thus, Hendrickson's convictions and sentences are affirmed.

AFFIRMED.