IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FOSTER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TODD E. FOSTER, APPELLANT.

Filed October 18, 2016.    No. A-16-027.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Jessica C. West for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Todd E. Foster appeals his plea-based conviction for attempted first degree assault, claiming ineffective assistance of counsel and an excessive sentence. Having previously summarily affirmed his sentence pursuant to Neb. Ct. R. App. P. § 2-107(B)(2), we now address his claims of ineffective assistance of counsel.

## BACKGROUND

Foster was originally charged, by second amended information, with first degree assault; use of a deadly weapon (not a firearm) to commit a felony; second degree assault; use of a deadly weapon (not a firearm) to commit a felony; tampering with a juror, witness, or informant; and habitual criminal. Pursuant to a plea agreement, Foster pled no contest to an amended charge of

- 1 -

attempted first degree assault, and the remaining charges were dismissed. He was sentenced to a period of 10 to 15 years' imprisonment and was given credit for 332 days served.

## ASSIGNMENTS OF ERROR

Restated, Foster assigns that he received ineffective assistance of counsel because defense counsel (1) insufficiently investigated the case, (2) failed to adequately explain the charge, (3) gave deficient advice with respect to pleading and waiving trial, and (4) failed to properly assist Foster with producing mitigating information at sentencing that would have resulted in a lesser sentence.

## STANDARD OF REVIEW

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013). The determining factor is whether the record is sufficient to adequately review the question. *Id.*

## ANALYSIS

*Foster's Ability to Raise Ineffectiveness Claims on Direct Appeal.*

Before we address the merits of Foster's appeal, we first address the State's argument that it is improper for Foster to raise these claims. In its brief, the State questions whether it is appropriate for Foster to raise ineffective assistance of counsel claims on direct appeal because his trial counsel failed to withdraw from the case and remains counsel of record on appeal.

Ordinarily, when a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Parnell*, 294 Neb. 551, 883 N.W.2d 652 (2016). Otherwise, the issue will be procedurally barred. *Id.* But when a defendant was represented both at trial and on direct appeal by the same lawyer, generally speaking, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. *Id.*

We agree with the State that Foster's trial counsel did not properly withdraw as counsel of record. According to our rules of appellate practice, "Counsel appointed in district court to represent a defendant in a criminal case other than a postconviction action shall, upon request by the defendant after judgment, file a notice of appeal and continue to represent the defendant unless permitted to withdraw by this court." Neb. Ct. R. App. P. § 2-103(A). Additionally, § 2-101(F)(1) provides that attorneys of record in the lower court remain attorneys of the same parties on appeal until a withdrawal of appearance has been filed and, in criminal cases, permission to withdraw must be obtained from the appellate court.

Prior to the State filing its brief, Foster's trial counsel never sought permission to withdraw from this court, nor was there an order from the trial court allowing withdrawal. As a result, he was certified as counsel of record when the appeal was filed in conformity with Neb. Ct. R. App. P. § 2-101(B)(5)(b) (requiring the trial court clerk to certify to the appellate court the names and

contact information of the attorney of record in the court below). Appellate counsel appointed by the trial court was also certified as counsel of record.

While this appeal was pending, the Nebraska Supreme Court issued its opinion in *State v. Parnell, supra*, in which a similar issue was addressed. In its opinion, the Nebraska Supreme Court stated that due to trial counsel's failure to properly withdraw, it was unable to resolve the uncertainty of their status on appeal. It therefore issued a show cause order to trial counsel inquiring into their involvement, if any, in the appeal. Following trial counsel's response indicating they did not participate in the appeal and had filed a motion to withdraw in the trial court (but no order allowing the withdrawal appeared in the appellate record), the court concluded that it could address the ineffectiveness claim on direct appeal.

Based upon *State v. Parnell, supra*, we issued a show cause order to Foster's trial counsel. Counsel responded, indicating that he had filed a motion to withdraw with the district court prior to the notice of appeal being filed; that on the date the appeal was filed, the appellant requested the district court to appoint alternate counsel to perfect his appeal; and that two days later, the court appointed the Doulas County Public Defender's office to represent the appellant in his appeal. Apparently no order allowing the withdrawal was entered since counsel neither suggests one was entered, nor provides a copy of one. He further stated that "based upon the district court pleadings, counsel believed that appellate counsel was readily ascertainable and that a formal withdrawal of counsel was not required."

In light of trial counsel's response to the show case order, we determine that it is appropriate for us to address Foster's ineffective assistance of counsel claims because trial counsel did not participate in the appeal. We remind the practicing bar, however, that if no order of withdrawal is entered in the trial court prior to an appeal being perfected, trial counsel remains counsel of record and must comply with Neb. Ct. R. App. P. § 2-103(A) to withdraw in this court.

*Ineffective Assistance of Trial Counsel.*

Foster first claims that his trial counsel was ineffective in failing to interview eyewitnesses who corroborated his assertion of self-defense. He claims he provided the names of two eyewitnesses but counsel never interviewed them. The State claims that under *State v Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014), this allegation is not sufficiently specific to preserve his claim. In the alternative, the State claims the record is insufficient to address this claim.

Claims of ineffective assistance of counsel may be addressed on direct appeal if the record is sufficient to address the claim. See *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998). Where an evidentiary hearing is needed, an appellate court will not address the claim on direct appeal. See *id.* An evidentiary hearing is not required when the records and files affirmatively show that the defendant is entitled to no relief. *State v. Tucker*, 257 Neb. 496, 598 N.W.2d 748 (1999).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must satisfy two prongs, showing (1) that his or her counsel's performance was deficient and (2) that this deficient performance actually prejudiced the defendant's defense. *Id.* The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). When the claim is raised in a direct appeal, the appellant is not required

- 3 -

to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

In *State v. Abdullah, supra*, the Nebraska Supreme Court determined that the appellant's claims that counsel was ineffective for failing to call "at least two witnesses that [Abdullah] informed would be beneficial to this case" was "little more than a placeholder." 289 Neb. at 133, 853 N.W.2d at 867-68. Recognizing the different levels of specificity of ineffectiveness required in postconviction actions and direct appeals, the Supreme Court nonetheless found the lack of specificity as to the identity of those two persons fatal.

Here, Foster claims his trial counsel should have interviewed eye-witnesses who corroborated his assertion of self-defense; however, he does not identify these witnesses. As in *Abdullah, supra*, we determine that Foster failed to make sufficiently specific allegations of deficient conduct relating to the alleged failure to interview eye-witnesses, and therefore this claim is not properly raised in this appeal.

In Foster's assignment of errors, he claims his counsel was ineffective because he "failed to adequately explain to [Foster] the charge to which [Foster] entered a plea." However, Foster does not argue this error in his brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). Thus, we do not address this claim.

Likewise, Foster argues that there was a breakdown in communication between him and trial counsel and that the court's refusal to allow counsel to withdraw was not in Foster's best interest. This argument, however, was not assigned, and therefore, we do not address it.

Foster assigns and argues that trial counsel failed to mention sufficient information during the sentencing hearing that would have mitigated Foster's actions. He recognizes that trial counsel advised the court that Foster thought he was in danger and that was the reason for his actions but complains counsel "failed to further indicate other information that would serve to mitigate [Foster's] actions." Appellant's brief, p. 8-9. Foster does not, however, identify what "other information" would have been beneficial and thus, it is insufficiently pled. See *State v. Ash*, 293 Neb. 583 N.W.2d 583 (2016) (holding that allegation that a witness had "some information" that would have corroborated appellant's testimony lacked sufficient particularity to be addressed).

## CONCLUSION

Foster's claims of ineffective assistance of counsel are either insufficiently pled or not properly assigned and argued. Accordingly, Foster's conviction and sentence are affirmed.

AFFIRMED.