IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. GLAZEBROOK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEFFREY D. GLAZEBROOK, APPELLANT.

Filed December 19, 2017.    No. A-16-493.

Appeal from the District Court for Sarpy County: WILLIAM B. ZASTERA, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and PIRTLE and RIEDMANN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Jeffrey Glazebrook appeals the order of the district court for Sarpy County which overruled his motion for postconviction relief without an evidentiary hearing. He claims the district court erred when it rejected his six claims of ineffective assistance of counsel. For the reasons that follow, we affirm the district court's order.

## BACKGROUND

The charges in this case were derived from Glazebrook's alleged behavior during a prior criminal trial, with Glazebrook as a defendant. During the testimony of Charles Goodwin, an inmate witness, Glazebrook allegedly threatened Goodwin's life. At the trial on this matter, several witnesses, including four of the jurors and the county sheriff in attendance at the prior trial, testified. They stated that they saw Glazebrook mouth a threat toward Goodwin immediately after Goodwin testified that Glazebrook had told him "[T]here ain't no pussy like old pussy."

Following a jury trial, Glazebrook was convicted of one count of tampering with a witness and one count of terroristic threats. He was found to be a habitual criminal and his sentences were enhanced accordingly. He was sentenced to a term of 30 to 60 years' imprisonment on each count, to be served concurrently.

Glazebrook filed a direct appeal with this court, which was dismissed on procedural grounds. He filed a verified motion for postconviction relief requesting reinstatement of his direct appeal. The district court granted his motion and reinstated his direct appeal. This court affirmed Glazebrook's convictions and sentences. See *State v. Glazebrook*, 22 Neb. App. 621, 859 N.W.2d 341 (2015).

On January 7, 2016, Glazebrook filed a verified motion for postconviction relief. He filed an amended motion for postconviction relief on February 18, 2016 setting forth six claims of ineffective assistance of counsel. On April 1, the State filed a motion to dismiss. The State argued Glazebrook's motion failed to set forth sufficient factual allegations to warrant an evidentiary hearing.

The district court then considered and rejected each of Glazebrook's claims for postconviction relief and concluded that no evidentiary hearing was required on any of the claims. On April 18, 2016, the court overruled Glazebrook's motion for postconviction relief and his request for an evidentiary hearing.

Glazebrook appeals the district court's order overruling his motion for postconviction relief without an evidentiary hearing. In his appeal, he assigns error to the district court's rejection of his claims. Further details regarding those six claims, the facts related thereto, and the district court's analysis on those claims are set forth in our analysis below.

ASSIGNMENTS OF ERROR

Glazebrook claims that the district court erred when it denied postconviction relief without an evidentiary hearing on the following claims of ineffective assistance of counsel: (1) Failure to hire a lip reading expert; (2) Failure to object to a "particular inflammatory statement"; (3) Failure to seek a limiting instruction; (4) Failure to seek alternate counsel so trial counsel could testify as a witness; (5) Failure to depose the alleged victim; and, (6) Failure to interview each of the jurors and call them as additional witnesses, where appropriate.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Watson*, 295 Neb. 802, 891 N.W.2d 322 (2017).

ANALYSIS

Glazebrook asserts, generally, that the district court erred in denying his claims for postconviction relief without an evidentiary hearing and, specifically, when it rejected his six claims. Before reviewing the merits of Glazebrook's specific claims, we review general standards relating to postconviction relief.

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Watson, supra.* Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id.*

A court must grant an evidentiary hearing to resolve claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *Id.* If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.*

A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. Id. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Id.* To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id.*

With these standards in mind, we review Glazebrook's specific claims.

*Failure to Hire Lip Reading Expert.*

Glazebrook asserts his trial counsel was ineffective for failing to hire a lip reading expert. He alleges that an expert could have testified about the "difficulty of lip reading" and the "distance and accuracy of lip reading at those distances." The premise of his argument is his speculation that an expert's testimony would undermine the witnesses' testimony that they accurately saw and interpreted Glazebrook's mouthed statement toward Goodwin as he testified.

The State directs us to *State v. Abdullah*, 289 Neb. 123 (2014), in which the Nebraska Supreme Court held that the movant in a postconviction proceeding must specifically allege what the testimony of the witnesses would have been if they had been called. Courts in this State have consistently held that "without such specific allegations, the postconviction court would effectively be asked to 'conduct a discovery hearing to determine if anywhere in this wide world there is some evidence favorable to the defendant's position.'" *Id.* citing *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010).

Because Glazebrook did not specifically allege what a lip reading expert's testimony would have been if called as a witness we conclude that Glazebrook's allegations are insufficient to support the granting of postconviction relief. See *State v. Watson, supra.*

The district court found that Glazebrook's claim also failed because he did not set forth sufficiently specific allegations of prejudice. In order to show prejudice, the defendant must

demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. See *State v. Watson, supra.*

Glazebrook's amended motion for postconviction relief alleged that he was "actually prejudiced insofar as he was denied the right to proceed on direct appeal and raise all issues of his conviction and ineffective assistance of counsel that might be available to him." We agree that this is not a specific allegation of prejudice, showing how Glazebrook was prejudiced by the alleged failure to hire a lip reading expert.

Even if he had made a specific allegation of prejudice, the record shows that Glazebrook's counsel thoroughly cross-examined each of the witnesses concerning their observations of Glazebrook's in-court behavior. Three witnesses testified that they personally observed Glazebrook mouth a threat to Goodwin. One of these witnesses was David Herroon, a juror in the previous trial. He testified that he has hearing loss and is able to read lips. He stated that he was certain that Glazebrook had mouthed the words "I will kill you" to Goodwin. Three jurors and the sheriff testified that they saw Glazebrook's demeanor change during Goodwin's testimony. One juror, Danny Sabatka, testified that he saw Glazebrook mouth the words "I'll kill you" toward Goodwin. Another juror, John Brabec, stated that he was 100 percent certain that he observed Glazebrook mouth "I will kill you" toward Goodwin.

The defense also utilized a video reenactment to challenge the witnesses' ability to reliably and accurately read lips. This evidence was presented to and passed upon by the jury. Even if an expert had testified, the weight and credibility given to such testimony is also a matter for the jury, as the trier of fact. See *State v. McGhee, supra.* There is not a reasonable probability that Glazebrook would have been acquitted if a lip reading expert had been retained. Therefore, Glazebrook failed to establish prejudice as a result of defense counsel's decision not to hire a lip reading expert, nor did he show that this failure would have altered the outcome of the trial. Therefore, we find he is not entitled to relief.

*Failure to Object to Particular Inflammatory Statement.*

Glazebrook asserts his trial counsel was ineffective for failing to repeatedly object to the State's use of a "particular inflammatory statement, which, in fact, gives away the content of the prior trial." The district court found Glazebrook's motion was not sufficiently specific, as it did not "specifically identify the statement in question." Glazebrook does not identify which statement he objects to, therefore he does not make a specific claim of deficient performance.

Glazebrook further claims the unidentified statement was "highly prejudicial" and violates the district court's pretrial ruling on his motion in limine. The record shows that there were multiple motions in limine, and he does not specifically identify which one was the subject of his motion for postconviction relief, or explain in what way this statement was prejudicial. Glazebrook's motion either alleges only conclusions of fact or law or is not supported by the record and files in this case, and as such, he is not entitled to relief.

*Failure to Seek Limiting Instruction.*

Glazebrook asserts his trial counsel made an appropriate objection at the time of the "inflammatory statement," but asserts that counsel was ineffective for failing to request a limiting instruction at the time that it was admitted. The district court rejected this argument because

Glazebrook referenced, but did not identify, the inflammatory statement that was made. Further, he made no allegation as to why the limiting instruction should have been requested or why it was deficient performance for counsel not to do so. Similarly, he makes a general allegation that the lack of a limiting instruction was prejudicial, but he does not explain why it was prejudicial. We conclude that he has only alleged conclusions of fact or law, and he is not entitled to relief.

*Failure to Seek Alternate Counsel.*

Glazebrook asserts his trial counsel was ineffective for failing to seek alternative counsel for him. Glazebrook argues that because his trial counsel was also his counsel in the previous criminal matter, from which the crimes in this case arose, his counsel was a "prime witness" and should not have represented him in this matter. He argues that his counsel indicated that his testimony in this matter would be that he did not personally witness any aberrant behavior by Glazebrook during or in response to Goodwin's testimony in the original criminal matter.

Glazebrook acknowledges that his co-counsel testified and that the testimony of his counsel would have been "somewhat cumulative," but alleges it would have been "doubly effective" to have the people who were sitting on either side of him at trial testify regarding his behavior during Goodwin's testimony. While Glazebrook asserts that he "would have preferred to have him appear as a witness," he does not make a specific allegation of prejudice. Further, Glazebrook cannot show a reasonable probability that the outcome of the trial would have been different if his trial counsel had testified. Therefore, we find he is not entitled to relief.

*Failure to Depose Alleged Victim.*

Glazebrook asserts his trial counsel was ineffective for failing to depose the victim. He made no specific allegation of prejudice. In his motion, he acknowledged that "taking the deposition of a victim might be a risk you do not want to undertake because of its admissibility should the witness become unavailable at the time of trial." He also speculated that "for all we know… he may well have seen [the mouthed threat] and thought it was a joke and the ramblings of a punk." While it is possible that Goodwin may have said that he either didn't see or didn't feel threatened by Glazebrook's action, Glazebrook did not specifically allege that if Goodwin had been deposed, this would have affected the outcome of the case. We find no error in the denial of postconviction relief on this claim without an evidentiary hearing.

*Failure to Interview or Call Jurors as Witnesses.*

Glazebrook asserts each of the jurors at his prior criminal trial should have been interviewed as a potential witness in the second trial. A few of the jurors were called as witnesses, but he asserts his counsel was ineffective for failing to interview the remaining jurors and call the appropriate individuals to testify at his trial.

In assessing postconviction claims of ineffective assistance of counsel for failure to call a particular witness, the Nebraska Supreme Court has upheld the dismissal without an evidentiary hearing where the motion did not include specific allegations as to what testimony such witnesses would have given or what exculpatory evidence may have been uncovered by the retention of experts. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016).

Glazebrook can only speculate as to what the jurors saw during the trial or what their testimony would have been. Glazebrook's amended motion did not set forth a specific allegation of prejudice or indicate that there was a reasonable probability that if other witnesses had testified, the trial would have had a different outcome. As previously discussed, multiple witnesses testified that they were certain that Glazebrook mouthed a threat to Goodwin as he testified. We have reviewed his motion and determined that Glazebrook's claims either are speculative or are refuted by the record and files in this case. See *State v. DeJong*, 292 Neb. 305, 872 N.W.2d 275 (2015). Accordingly, we determine that Glazebrook did not allege facts sufficient to necessitate an evidentiary hearing, and the district court did not err when it denied postconviction relief without an evidentiary hearing. *Id.*

CONCLUSION

We find no merit to Glazebrook's assigned errors. His assertions of ineffective assistance of counsel failed to establish any prejudice resulting from the alleged deficiencies of his trial counsel. We affirm the denial of postconviction relief without an evidentiary hearing.

AFFIRMED.