IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. HECKARD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHARLES J. HECKARD, JR., APPELLANT.

Filed March 16, 2021.    No. A-20-394.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed.

Charles J. Heckard, Jr., pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Charles J. Heckard, Jr., appeals the Douglas County District Court's denial of his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

Following a jury trial in 2014, the Douglas County District Court convicted Heckard of burglary. In a filing the next day, the district court noted sentencing was "to be set upon arrest," finding that Heckard "failed to appear," and indicating that a warrant had been issued. At the enhancement hearing, held almost 3 years later in 2017, the district court found Heckard was a habitual criminal and thereafter sentenced him to 10 to 12 years' imprisonment. In a motion for new trial, Heckard requested the district court vacate and set aside his burglary conviction. He argued that he was not personally present "for a portion of his jury trial and for the verdict," which

- 1 -

he alleged was statutorily required in a felony trial, and that the court's decision to proceed with the trial in his absence affected his substantive rights and prevented a fair trial. The district court overruled Heckard's motion for a new trial.

On direct appeal, Heckard challenged his conviction alleging, among other things, that the district court erred in denying a motion to suppress, proceeding with the jury trial without his presence, and that the evidence was insufficient to support his conviction, all of which this court rejected. See *State v. Heckard*, No. A-17-1131, 2019 WL 364300 (Neb. App. Jan. 29, 2019) (selected for posting to court website). Heckard separately claimed that his trial counsel was ineffective. See *id*. In *State v. Heckard*, we summarized Heckard's claim of ineffective assistance of trial counsel as follows:

> Heckard claims he gave his trial counsel "a letter from Swayzer that contained content that put trial counsel on notice that had [trial] counsel called Swayzer to testify on [Heckard's] behalf, Swayzer would have provided evidence that would have exonerated [Heckard]." . . . He suggests Swayzer may have provided "exculpatory information, such as perhaps negating [Heckard's] knowledge of and intent to commit a burglary."

*Id*. at 12. In analyzing Heckard's claim of ineffective assistance of counsel in *State v. Heckard*, this court stated:

> Heckard's presentence investigation report lists Swayzer as a codefendant and indicates a case involving "[b]urglary" against Swayzer was dismissed in January 2015; there is no explanation for the dismissal. At a hearing in August 2017, Heckard commented that his "co-[d]efendant . . . which [sic] is now deceased, admits guilt to [Heckard's] charges," referring to the burglary conviction of which Heckard had already been convicted at that point and the pending habitual criminal count. At the same hearing, Heckard began to mention a "letter," saying it was from "Swayzer, that [sic] is now deceased, admitting --," but the district court stopped Heckard to inform him that his statement was for him to "claim on appeal." Nothing confirms if Swayzer had died or, assuming he had, whether he died prior to or during Heckard's trial in 2014.
>
> We note that back in January 2014, Heckard's trial counsel filed a "Motion to Take Deposition," requesting to take depositions of Johnson, Hale, and Swayzer, stating their testimony "may be of assistance to the parties in the preparation of this case and may be material or relevant to an issue to be determined at the trial of the offense." Heckard's trial counsel did not call any witnesses to testify on Heckard's behalf. Whether Heckard's trial counsel moved to depose Swayzer as a result of being put on notice by Heckard that Swayzer possessed exculpatory information is unclear; also, Heckard does not specify a timeframe for when he allegedly gave the letter to his trial counsel. Further, there is no district court order concerning the motion to depose Swayzer. Also, the record neither confirms that Heckard provided his trial counsel any sort of letter from Swayzer, nor does it reflect whether that letter exists.
>
> Under these circumstances, we cannot discern whether Heckard's trial counsel was deficient or strategic in not calling Swayzer to testify (if it was even possible) and/or not

otherwise incorporating Swayzer's letter, if admissible, for Heckard's defense. We agree with the State that our record on direct appeal is insufficient to address Heckard's claim.

*Id.*

In October 2019, Heckard filed a motion for postconviction relief alleging that he received ineffective assistance of trial counsel due to trial counsel's (1) failure to present exculpatory testimony or documentary evidence of his codefendant General Swayzer and (2) failure to file a motion for new trial challenging that Heckard had the right to appear at all trial proceedings. Regarding trial counsel's failure to present exculpatory testimony or documentary evidence of codefendant Swayzer, Heckard alleged:

> Trial counsel was ineffective by reason, that the failure to present [exculpatory] evidence, i.e., the notarized letter, by . . . Swayzer, acclaimed co-defendant, [cannot] be viewed as reasonable under the fact[s] and circumstances [known] or should have been [known] by trial counsel. Specifically, [Swayzer] perfected a notarized [declaration] claiming [Heckard] had no knowledge of [the] crime . . . and cited specifically that [Heckard] had no knowledge. This evidence is relevant due to the nature of ineffectiveness of the above stated counsel and prosecuting attorney.
>
> . . . Defense Counsel failed to submit, file, or otherwise perfect [Heckard's] direct appeal with the above stated vital information that would have exonerated [Heckard]. And stating [Heckard] had no knowledge of said crime, and or forthwith had direction to commit the felony that [Heckard] was charged with. (See exhibit A.)

Heckard attached the handwritten "notarized letter" to his motion, which stated:

District Attorney[']s Office

> On the day of 10-9-13 A crime was committed at 718 S 37 St. I General Swayzer admitts [sic] full responcabitily [sic] for whatever crime was committed. "Their [sic] is a deffendant [sic] by the name of Charles Heckard whom [sic] was falsley [sic] charged with F3 Burglary." Charles had nothin [sic] to do with entering this address at 718 S. 37 St. Pleaze [sic] make note of this for the records[.] "Thank you[.]"

The letter then contained a signature line with "General Swayzer" written thereon with handwritten dates of 10-15-13 and 10-11-13 underneath the signature. The letter also bears a notary stamp with the name Susan Larsen whose commission was to expire on December 6, 2015, with no attestation associated with the stamp.

The district court denied Heckard's motion for postconviction relief without an evidentiary hearing. The district court noted:

> It appears [Heckard's] motion brings one claim of ineffective assistance of trial counsel based on his trial attorney failing to produce the testimony or written statement of co-defendant, . . . Swayzer.[1] Typically, [Heckard] would be barred from bringing this claim, as he had different trial and appellate counsel, but this claim was preserved in the direct appeal. There, the Nebraska Court of Appeals found the record to be insufficient to address the claim.

Footnote 1 of the district court's opinion stated: "There appears to be one other claim interwoven within [Heckard's] motion, which relates to the Court proceeding with trial without [Heckard's] presence, but that was addressed in the direct appeal."

In considering Heckard's allegation that his trial counsel was ineffective for failing to produce the testimony or written statement of Swayzer, the district court found Heckard's motion failed to state sufficient facts to warrant an evidentiary hearing on the claim. In support of this finding, after quoting the language of our opinion in *State v. Heckard*, No. A-17-1131, 2019 WL 364300 at *12 (Neb. App. Jan. 29, 2019) (selected for posting to court website), the district court focused on the last few sentences of that opinion, wherein we stated:

> Whether Heckard's trial counsel moved to depose Swayzer as a result of being put on notice by Heckard that Swayzer possessed exculpatory information is unclear; also, Heckard does not specify a timeframe for when he allegedly gave the letter to his trial counsel. Further, there is no district court order concerning the motion to depose Swayzer. Also, the record neither confirms that Heckard provided his trial counsel any sort of letter from Swayzer, nor does it reflect whether that letter exists.

(Emphasis omitted.) The district court then found as it relates to Heckard's motion for postconviction relief:

> Similarly here, [Heckard's] motion does not fill in the detail necessary to grant an evidentiary hearing. There are no specific facts about when this written statement was provided to trial counsel or whether . . . Swayzer would have been able to testify at the time of the trial. The Court also notes that [Heckard] fled during trial and voluntarily chose not to participate in his defense. For these reasons, the Court finds [Heckard's] motion is denied for failing to state facts sufficient to warrant an evidentiary hearing.

In addition to finding Heckard failed to state facts sufficient to warrant an evidentiary hearing, the district court also found the record refuted that Heckard suffered any prejudice even if trial counsel was deficient in failing to call Swayzer to establish that Heckard did not intend to commit the burglary. Heckard has timely appealed to this court.

ASSIGNMENTS OF ERROR

Heckard assigns as error that (1) the district court erred in proceeding with the December 2014 jury trial in absentia, (2) the evidence was insufficient to support his conviction of burglary, (3) the district court erred in overruling his motion to suppress, (4) the prosecutor withheld exculpatory information involving a confession from Heckard's codefendant prior to the codefendant's death in 2015, and (5) representation provided by trial counsel constituted ineffective assistance of counsel.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is

entitled to no relief. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *Id*.

ANALYSIS

Heckard's first three assignments of error on appeal are that: (1) the district court erred in proceeding with the December 2014 jury trial in absentia; (2) the evidence was insufficient to support his conviction of burglary; and (3) the district court erred in overruling his motion to suppress. Each of these three assignments of error were raised in Heckard's direct appeal and were considered and rejected by this court. *State v. Heckard*, No. A-17-1131, 2019 WL 364300 (Neb. App. Jan. 29, 2019) (selected for posting to court website). A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal. *State v. Parnell, supra*. Since each of these issues was litigated in Heckard's direct appeal and considered and rejected by this court, these claims are procedurally barred. We further note that none of these claims were raised in Heckard's motion for postconviction relief. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. See *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019).

Further, Heckard's fourth assignment of error is that the prosecutor withheld exculpatory information involving a confession from Heckard's codefendant prior to codefendant Swayzer's death in 2015. This assigned error could have been raised, but was not raised, in Heckard's direct appeal. Consequently, this assigned error is also procedurally barred.

Heckard's remaining assignment of error is that "the representation provided by [Heckard's] trial attorneys constituted ineffective assistance of counsel." Brief for appellant at 3. When, as here, a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Devers*, 306 Neb. 429, 945 N.W.2d 470 (2020). Here, the allegation that Heckard's trial counsel was ineffective for failing to produce the testimony or written statement of codefendant Swayzer was raised and preserved on direct appeal and was raised in Heckard's motion for postconviction relief; however, the district court found Heckard's postconviction motion contained insufficient allegations of deficient performance in connection with his preserved assignment. Specifically, the district court found "[Heckard's] motion does not fill in the detail necessary to grant an evidentiary hearing. There are no specific facts about when this written statement was provided to trial counsel or whether . . . Swayzer would have been able to testify at the time of the trial." We agree.

We understand Heckard's specific assignment of error on appeal--that the district court erred in failing to find the representation provided by Heckard's trial attorneys constituted ineffective assistance of counsel--was his attempt to state that the district court erred in failing to find his trial counsel provided ineffective assistance in connection with his more specific claim in his postconviction motion. That is:

Trial counsel was ineffective by reason, that the failure to present [exculpatory] evidence, i.e., the notarized letter, by . . . Swayzer, acclaimed co-defendant, [cannot] be viewed as

reasonable under the fact[s] and circumstances [known] or should have been [known] by trial counsel. Specifically, [Swazyer] perfected a notarized [declaration] claiming [Heckard] had no knowledge of [the] crime . . . and cited specifically that [Heckard] had no knowledge.

As such, Heckard's specific assignment appears to be that his trial counsel failed to provide the content of Swayzer's letter as "evidence" after Heckard provided the letter to his counsel and that said failure constituted ineffective assistance of counsel.

Because the district court dismissed Heckard's claim for failure to properly plead, we take this opportunity to review the pleading standards in connection with claims of ineffective assistance of counsel on direct appeal and on claims of ineffective assistance in connection with postconviction motions. In connection with direct appeals, a defendant is not required to make allegations of prejudice and only needs to make specific allegations of deficient performance. Specifically, the Supreme Court has held that

in the case of an argument presented for the purpose of avoiding procedural bar to a future postconviction action, appellate counsel must present the claim with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

*State v. Abdullah*, 289 Neb. 123, 132-33, 853 N.W.2d 858, 866 (2014).

In contrast, in filing a motion for postconviction relief, to be entitled to an evidentiary hearing, a defendant's postconviction motion must state facts actually amounting to prejudice. See *State v. Abdulkadir*, 293 Neb. 560, 878 N.W.2d 390 (2016). A motion which alleges only conclusions of facts or law is insufficient. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). A motion for postconviction relief must adequately allege how the defendant was prejudiced by counsel's actions. Prejudice is shown by establishing that *but for* the deficient performance of counsel, there is a reasonable probability that the outcome of the case would have been different. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016).

In connection with his direct appeal, Heckard alleged his trial counsel was ineffective in that Heckard claimed:

[H]e gave his trial counsel "a letter from Swayzer that contained content that put trial counsel on notice that had [trial] counsel called Swayzer to testify on [Heckard's] behalf, Swayzer would have provided evidence that would have exonerated [Heckard]." . . . [Heckard] suggests Swayzer may have provided "exculpatory information, such as perhaps negating [Heckard's] knowledge of and intent to commit a burglary."

*State v. Heckard*, No. A-17-1131, 2019 WL 364300 at *12 (Neb. App. Jan. 29, 2019) (selected for posting to court website).

After reviewing that allegation, we preserved that claim for later proceedings while stating, among other things:

Heckard's trial counsel did not call any witnesses to testify on Heckard's behalf. Whether Heckard's trial counsel moved to depose Swayzer as a result of being put on notice by Heckard that Swayzer possessed exculpatory information is unclear; also, Heckard does not specify a timeframe for when he allegedly gave the letter to his trial counsel.

*Id*. In short, our opinion clearly included reference of the importance of the timing of Heckard providing the alleged letter to his trial counsel as it relates to the possible merits of Heckard's alleged claim.

Nothwithstanding our previous holding in *State v. Heckard*, in connection with his postconviction motion, Heckard failed to allege when he allegedly provided Swayzer's letter to his trial counsel as it relates to his specific claim of ineffective assistance of counsel. Assuming without deciding whether the contents of the conclusory letter might have impacted his trial counsel's decisions, the timing of when Heckard provided the letter to his trial counsel directly relates to any potential prejudice associated with it. In this unusual case, this matter was tried in 2014, but Heckard was not sentenced until 2017 because he absconded during the middle of his trial. And as we noted in *State v. Heckard*, the matter of the alleged letter first arose in 2017 in connection with Heckard's sentencing where Heckard began to mention a letter from Swayzer and provided that Swayzer was "now deceased." *Id*. at 12. We also note that in his motion for postconviction relief, Heckard references the letter stating "Defense counsel failed to submit, file, or otherwise perfect [Heckard's] *direct appeal* with the above stated vital information that would have exonerated [Heckard]." (Emphasis supplied.) If anything, Heckard appears to suggest the timing of the furnishing of Swayzer's letter to trial counsel was late in the proceedings in connection with Heckard's sentencing or appeal and not prior to, or during, Heckard's trial.

Regardless, by failing to plead that Swayzer's letter was provided to trial counsel in advance of or during his trial, Heckard has failed to state facts actually amounting to prejudice on the part of his trial counsel. Having failed to allege prejudice in connection with his specific postconviction claim, his specific assignment of error fails. Accordingly, we need not address the second basis of the district court's finding that the evidence adduced at trial overwhelmingly negates the substance of the alleged statement by Swayzer. See *State v. Connelly*, 307 Neb. 495, 949 N.W.2d 519 (2020) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

The district court's order denying Heckard's motion for postconvciton relief without an evidentiary hearing is affirmed.

AFFIRMED.